IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STEPFANIE MALONE,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES MARSHALS DEPARTMENT,<br><br>   Defendant. | Civil Action No.: SAG-25-2540 |

**MEMORANDUM OPINION**

    Self-represented plaintiff Stepfanie Malone filed the above-captioned Complaint together with a Motion to Proceed in Forma Pauperis. ECF 1, 2. Her Complaint must be dismissed for the reasons stated below, and her motion to proceed in forma pauperis will be denied as moot.

    Plaintiff, a Maryland resident, brings this Complaint against the United States Marshals Department, alleging that the Marshals broke her door down, requiring replacement of the frame, and also confiscated her cell phone and diamond earrings. ECF 1 at 6. She seeks a total of $622 in damages for the door repair and the earrings. *Id.*

    Federal courts are courts of limited jurisdiction. Ordinarily, a plaintiff must establish either diversity jurisdiction or federal question jurisdiction to permit this Court to hear the case. Diversity jurisdiction allows federal courts to exercise original jurisdiction, in some circumstances, where the dispute is between "citizens of different States" where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. Plaintiff clearly itemizes her damages at just $622, rendering diversity jurisdiction inapposite. Federal question jurisdiction exists where at least one of a plaintiff's claims is brought pursuant to the "Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

Plaintiff has only cited diversity jurisdiction in her Complaint. ECF 1 at 4. She has not identified any federal constitutional provision or law that would allow her to bring a private civil claim in federal court against the United States Marshals for the damages she seeks.

Accordingly, Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii). Title 28 U.S.C. § 1915 instructs district courts that they "shall dismiss [a] case" filed by a plaintiff proceeding *in forma pauperis* if the court determines that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Newsome v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002) (extending 28 U.S.C. § 1915 screening to non-prisoner *pro se* litigants).

For the reasons stated above, this court lacks jurisdiction and Plaintiff has failed to state a claim on which relief can be granted. Her federal complaint, ECF 1, must be dismissed without prejudice. Plaintiff's motion to proceed in forma pauperis, ECF 2, will be denied as moot. This case will be closed. A separate Order follows.

Dated: August 13, 2025                                   /s/
                                                                        Stephanie A. Gallagher
                                                                        United States District Judge